IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KATHLEEN MUKAMAL,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF ONEXXX PRODUCTION
& EXPLORATION CORPORATION AND
CHARTIERS NATURAL GAS CO., INC.;
THEODORE MUKAMAL,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF ONEXXX PRODUCTION
& EXPLORATION CORPORATION AND
CHARTIERS NATURAL GAS CO., INC.;
AND ANDREW MUKAMAL,
INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF ONEXXX PRODUCTION
& EXPLORATION CORPORATION AND
CHARTIERS NATURAL GAS CO., INC.;

)
)
)
)
)
)
)
)
)

2:25-CV-01302-MJH

     Plaintiffs,

    vs.

ONEXXX PRODUCTION &
EXPLORATION CORPORATION,
CHARTIERS NATURAL GAS CO., INC.,
ANNE WEIR BENSEN, KIMBERLEY
CROWELL, SANDRA L BITNER,

     Defendants,

OPINION AND ORDER

Plaintiffs, Kathleen Mukamal, Theodore Mukamal, and Andrew Mukamal, individually

and derivatively, on behalf of ONEXXX Production & Exploration Corporation and Chartiers

Natural Gas Company, brings the within shareholder suit against Defendants, ONEXXX

Production & Exploration Corporation and Chartiers Natural Gas Company, Anne Weir Bensen,

Kimberly Crowell, and Sandra L. Bitner.  (ECF No.  25).   Plaintiffs' Amended Complaint

asserts claims for Breach of Fiduciary Duty (Count I), Appointment of Receiver pursuant to 15

Pa.C.S. § 1767(a)(2) (Count II), Appointment of Receiver pursuant to 15 Pa.C.S. § 1984 (Count

III), Removal of Directors 15 Pa.C.S. § 1767(c) (Count IV), Involuntary Winding Up and Dissolution pursuant to 15 Pa.C.S. § 1981 (Count V), and Failure to Declare Dividend (Count VI). *Id*. Defendants now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 47). The matter is now ripe for decision.

Upon consideration of Plaintiffs' Amended Complaint (ECF No. 25), Defendants' Motion to Dismiss (ECF No. 47), the respective briefs (ECF Nos. 48, 61, and 64), and for the following reasons, Defendants' Motion to Dismiss will be granted in part and denied in part.

I.       Background

Between 1980 and 1981, Steven Mukamal purchased shares of stocks in the Defendant Corporations. (ECF No. 25 at ¶ 24). Both Corporate Defendants are closely held corporations involved in the oil and gas industry. *Id* at ¶ 1. In 2017, Steven died, and his shares passed to his wife, Kathleen, and his children, Theodore and Andrew. *Id* at ¶ 27.

Plaintiffs allege that the Defendants, from their formation through 2016, did not pay any dividends or make any distributions to shareholders because they were not profitable. *Id.* at ¶¶ 31-32. Plaintiffs aver that, beginning in the year 2016, the Corporate Defendants began to generate millions of dollars in profits in connection with certain drilling rights. *Id.* at ¶ 37. From 2016 through 2018, Theodore, on behalf of the Mukamal Family, had a number of discussions with corporate board members, requesting shareholder distributions of a portion of the profits. *Id.* at ¶ 38. Plaintiffs allege that, rather than distribute dividends, Defendants awarded excessive compensation and redirected corporate funds into investment accounts unrelated to the Defendants' oil and gas business. *Id.* at ¶¶ 39-47. Defendants have allegedly continued to rebuff Plaintiffs' requests for dividends. *Id.* at ¶ 53.

2

II.      Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light

3

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989). When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.     Discussion

As a preliminary matter, the Court will briefly discuss the interplay between Plaintiffs' causes of actions and Defendants' arguments. Plaintiffs' Amended Complaint asserts claims for Breach of Fiduciary Duty (Count I), Appointment of Receiver pursuant to 15 Pa.C.S. § 1767(a)(2) (Count II), Appointment of Receiver pursuant to 15 Pa.C.S. § 1984 (Count III),

4

Removal of Directors 15 Pa.C.S. § 1767(c) (Count IV), Involuntary Winding Up and Dissolution pursuant to 15 Pa.C.S. § 1981 (Count V), and Failure to Declare Dividend (Count VI).

Plaintiffs' Amended Complaint identifies the following categories of conduct in support of their claims:

(i)    failure and refusal to pay any dividends or to make any distributions to shareholders for more than forty years;

(ii)   even after declaring a post-litigation minimal dividend, the individual Defendants retained millions of dollars in company funds for their own benefit and excluded Plaintiff shareholders;

(iii)  failure to issue annual reports or hold annual meetings for either of the Corporate Defendants;

(iv)   failure to provide Plaintiffs with regular or timely information concerning the Corporate Defendants;

(v)    invested Corporate Defendants' profits into non-business-related investment accounts; and

(vi)   paid themselves and/or members of their family exorbitant compensation from Corporate funds.

In their Motion to Dismiss, Defendants argue that Plaintiffs' claims are derivative, rather than direct.  As regards derivative claims, Defendants contend that pre-suit demand was required, and absent said demand, Plaintiffs' Amended Complaint must be dismissed. Second, Defendants argue that, even if the demand requirement were excused, the business judgment rule bars Plaintiffs' claims.  Third, regardless of the pre-suit demand requirement or business judgment rule, Defendants argue that most of Plaintiffs' requested relief and damages are time-barred. Fourth, Defendants maintain that Plaintiffs' claims for corporate reports and/or dissolution under Pennsylvania law do not apply to Onexx, a Delaware corporation. Finally, Defendants argue Count VI, failure to declare dividends claim, is not a recognized cause of action under either

5

Delaware or Pennsylvania law.  Defendant, Chartiers, is a Pennsylvania corporation, and Defendant, Onexx, is Delaware corporation.

### A. Onexx

Defendants argue that Onexx, a Delaware Corporation, should be subject to Delaware corporate laws.  In particular, Defendants maintain that Counts II through V, are based upon Pennsylvania statutes and do not apply to out-of-state corporate entities. Plaintiffs contend that this Court has discretionary authority to enforce Pennsylvania corporate statutes against Onexx.

"[T]he 'internal affairs doctrine' holds that courts look to the law of the state of incorporation to resolve issues involving the internal affairs of a corporation." *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 179 n. 10 (3d Cir. 2005). "The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs—matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands." *Eddystonc Rail Co., LLC v. Bridger Logistics, LLC*, No. 17-495, 2018 WL 11376024, at *1 n.1 (E.D. Pa. Nov. 20, 2018) (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 645, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982)).   The internal affairs doctrine applies to "matters which are peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." *Id.* (citing *Norman v. Elkin*, 860 F.3d 111, 122 (3d Cir. 2017)). Pennsylvania has statutorily codified the internal affairs doctrine. *See* 15 Pa. Stat. and Cons. Stat. Arm. § 4145(a) (requiring courts to apply the law of the state of incorporation in actions relating a foreign corporation's "internal affairs").

Here, the Court notes that the types of relief requested, i.e., accounting, dividend distributions, receiver appointment, director removal, and dissolution, all concern the internal affairs of Onexx, its board of directors and shareholders. Thus, the "internal affairs" doctrine applies to these claims against Onexx, such that Delaware corporate laws apply. Accordingly, as Counts II through V specifically invoke Pennsylvania corporate statutes, said claims fail as to Onexx. Defendants' Motion to Dismiss, Counts II through V against Onexx, will be granted.

### B. Derivative versus Direct Claim

As regards the question of whether Plaintiffs' claims are shareholder or derivative claims, Defendants argue that Plaintiffs' breach of fiduciary duty claim (Count I), is brought for the benefit of all the corporations' minority stockholders, and that the remaining claims (Counts II through VI) are dependent on the breach of fiduciary claim. Defendants contend that Plaintiffs' breach of fiduciary claim is derivative, not direct; such that Plaintiffs were required to make a pre-suit demand or specifically allege that a demand would be futile. Defendants maintain that the Amended Complaint contains no allegations that Plaintiffs formally demanded the Board of Directors of either Chartiers or Onexxx to bring any action to enforce the stockholders' alleged rights. As such, Defendants argue that all counts of the Amended Complaint be dismissed.

Plaintiffs contend that the crux of their claims is that Defendants wrongfully refused to declare dividends, to which Plaintiffs were entitled. Thus, Plaintiffs maintain that their claims allege harm to individual stockholders and not to the corporations. Therefore, Plaintiffs argue their claims are direct shareholder claims and not derivative claims. Plaintiffs also argue that their claims are based upon minority shareholder oppression. Therefore, Plaintiffs assert there is no need for any pre-suit demand or pleading of futility such that defense motion to dismiss should be denied.

In response, Defendants assert that Plaintiffs' Amended Complaint sets forth demands and damages claims that are derivative. (ECF No. 25 at p. 1). Specifically, Defendants contend that Plaintiffs' allegations of breach of fiduciary duty seek damages payable to stockholders and removal of directors, appointment of an independent receiver, and dissolution and sale of the Defendant companies. Such relief includes the corporations and all stockholders, and not just a singular cohort of minority stockholders. Thus, the Plaintiffs' lawsuit presents shareholder and derivative claims.

1. Chartiers

Under Pennsylvania law, when a shareholder brings suit, the court is to perform an independent inquiry to determine whether the action is direct or derivative in nature. *See Hill v. Ofalt*, 85 A.3d 540, 549 (Pa. Super. Feb. 5, 2014); *Kitty Ward Travel, Inc. v. Ward*, 2016 WL 1615795 at *7 (Pa. Super. Ct. Apr. 22, 2016); *Frost v. Zeff*, No. 827, 2015 WL 8552111, at *5 (Pa. Super. Ct. Dec. 11, 2015). Absent a direct injury, a shareholder must seek relief through a derivative action, which is an action on behalf of the corporation. Pennsylvania law requires a derivative plaintiff to make a pre-complaint demand on the corporation or its board of directors, unless he can show "immediate and irreparable harm to the business corporation." *See* 15 Pa. Cons. Stat. § 1781(a) & (b)(1).

In the context of a closely held corporation, courts have generally adopted a relaxed approach to the demand requirement. Thus, where there are conceivable allegations of a shareholders' derivative claim, Pennsylvania corporate case law often looks to the ALI Principles of Corporate Governance. Section 7.01(d), [of the ALI Principles of Corporate Governance] excuses the demand requirement for derivative actions that are filed on behalf of closely held corporations. *Grill v. Aversa*, 1:12-CV-120, 2014 WL 4672461, at *8 (M.D. Pa.

Sept. 18, 2014); *See, e.g., Cooper v. Rucci,* 2008 WL 942710 (W.D.Pa.2008) (unpublished memorandum) (applying Section 7.01(d) of the ALI Principles of Corporate Governance to excuse the demand requirement for a derivative action that was filed on behalf of a closely held corporation); *Nedler v. Vaisberg,* 427 F.Supp.2d 563 (E.D.Pa.2006) (same); *White v. George,* 66 Pa. D. & C.4th 129 (Pa.Com.Pl.2004) (same); *Top Quality Mfg., Inc. v. Sinkow,* 2004 WL 2554615 (Pa.Com.Pl.2004) (unpublished memorandum) (same); *Levin v. Schiffman,* 54 Pa. D. & C.4th 152 (Pa.Com.Pl.2001) (same)." *Hill v. Ofalt,* 2014 PA Super 17, 85 A.3d 540, 556 (Pa.Super.Ct.2014).

> Section 7.01(d) of the ALI Principles of Corporate Governance provides:
>
> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation of the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

ALI Principles § 7.01(d).

Here, the Amended Complaint alleges that Chartiers is a closely held corporation. (ECF No. 25 at ¶ 1). Because Chartiers is a closely held corporation, the Court has the discretion to treat this as a direct action. At the core of Plaintiffs' claim is a request for the individual Plaintiffs to recover from Chartiers, because it failed to declare dividends payable to Plaintiffs. Further, nothing in the pleadings suggests that Plaintiffs' individual recovery would expose Chartiers to a multiplicity of actions, prejudice the interests of creditors, or interfere with a fair distribution among interested persons. Therefore, Plaintiffs would not be required to make a derivative lawsuit demand to Chartiers for those claims that are derivative in nature. Accordingly, Defendants Motion to Dismiss as to this issue will be denied.

9

2.  Onexx

Under Delaware law, "[a] derivative suit enables a stockholder to bring a suit on behalf of the corporation for harm done to the corporation." *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251, 1262 (Del. 2021).   "Because a derivative suit is brought on behalf of the corporation, any recovery must go to the corporation." *Id*. at 1262-63.  However, a stockholder who is directly injured retains the right to bring an individual action for injuries affecting his or her legal rights as a stockholder.  *Id*. "If a party brings derivative claims without first making [a] demand, and demand is not excused, those claims must be dismissed." *Wise v. Biowish Techs., Inc.*, Civ. No. 18-676-RGA, 2019 WL 192876, at *3 (D. Del. Jan. 11, 2019) (quoting *Albert v. Alex. Brown Mgmt. Servs., Inc.*, No. Civ. A. 762-N, Civ. A. 763-N, 2005 WL 2130607, at *13 (Del. Ch. Aug. 26, 2005)).

Here, Plaintiffs' Amended Complaint and arguments set forth that the core of their claims arise because they, individually, did not receive the benefits of dividends from the Defendant corporations.   Such dividend claims are direct and not derivative in nature.   Therefore, because Plaintiffs claims are not derivative, no pre-suit demand was necessary.   Accordingly, the Court cannot dismiss Plaintiffs' claims on the basis that Plaintiffs failed to make a pre-suit demand on purported derivative claims.   Defense Motion to Dismiss on this issue will be denied.

### C.  Business Judgment Rule

In the alternative, Defendants argue that the business judgment rule serves to preclude Plaintiffs' Amended Complaint. Plaintiffs contend that allegations of the Defendants' minority shareholder oppression overcome any application of the business judgment rule.

Pennsylvania and Delaware courts are generally loathe to second-guess the reasonable decision-making of a corporate board of directors, deferring instead to the sound business

10

judgment of the directors. *Cuker v. Mikalauskas*, 692 A.2d 1042, 1045 (Pa. 1997); *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984); s*ee also*, 15 Pa.C.S.A § 1712. Under the business judgment rule, a corporate officer or majority shareholder may not be held liable for breach of fiduciary duty "in the absence of fraud or self-dealing, if challenged decisions were within the scope of the [defendant's] authority, if they exercised reasonable diligence, and if they honestly and rationally believed their decisions were in the best interests of the company." *Cuker v. Mikalauskas*, 547 Pa. 600, 612 (1997).

Pennsylvania law recognizes an exception to the business judgment rule in cases where a plaintiff could establish minority stockholder oppression, typically where there is alleged to be a cascade of decisions to squeeze out minority stockholders, such as withholding certain corporate information and refusing to declare dividends or return value to stockholders. *Ferber v. American Lamp Corp.,* 469 A.2d 1046, 1050 (Pa. 1983) (majority stockholders owe duty to minority stockholders to "prevent[] them from using their power in such a way as to exclude the minority from their proper share of the benefits accruing from the enterprise."), quoting *Hornsby v. Lohmeyer*, 72 A.2d 294, 298 (Pa. 1950). *See also, Grill v. Aversa*, 908 F.Supp.2d 573, 592-593 (M.D. Pa. 2012) (describing "tactics" used to freeze out or oppress a minority stockholder to include "the withholding of dividends, restricting or precluding employment in the corporation, paying excessive salaries to majority stockholders, withholding information relating to the operation of the corporation, appropriation of corporate assets, denying dissenting shareholders appraisal rights, failure to hold meetings and excluding the minority from a meaningful role in the corporate decision making.").

Courts in the Third Circuit consider the business judgment rule to be an affirmative defense and have been reluctant to grant Rule 12(b)(6) motions based upon the business

judgment rule. *See In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (noting, in the context of the Delaware business judgment rule, "[g]enerally speaking, we will not rely on an affirmative defense such as the business judgment rule to trigger dismissal of a complaint under Rule 12(b)(6)"); see also *Cutillo*, 2022 WL 2240037, at *4 (noting the same in the context of the Pennsylvania business judgment rule); *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3643571, at *26 (E.D. Pa. June 12, 2015) (same); *In re Vanguard Chester Funds Litig.*, No. CV 22-955, 2023 WL 8091999, at *9 n.13 (E.D. Pa. Nov. 20, 2023) (same).  A court should not grant a Rule 12(b)(6) motion on the basis of an affirmative defense unless the complaint alleges no facts which could counter the application of the affirmative defense. *See In re Tower Air, Inc.*, 416 F.3d at 238

Here, application of the business judgment rule, at the motion to dismiss stage, is premature.   Therefore, the Court will not presently bar Plaintiffs' claim based upon this affirmative defense.  Further, despite the prematurity of this affirmative defense at the motion to dismiss stage, Plaintiffs have averred corporate asset misappropriations, payment of excessive salaries and bonuses, failure to hold annual meetings, and failure to issue annual reports.  (ECF No. 25 at ¶¶ 5,  6, 8, 33, 34).   Such allegations, at this stage, are sufficient to allege minority shareholder oppression which could plausibly overcome Defendants' business judgment rule affirmative defense.

Accordingly, Defendants' Motion to Dismiss, based upon application of the business judgment rule, will be denied, without prejudice.

### D.  Statute of Limitations

Defendants next argue that Plaintiffs' allegations of wrongdoing are largely barred by the applicable statute of limitations.   In response, Plaintiffs acknowledge Defendants' statute of

12

limitations defense for the breach of fiduciary claim, but they argue that the defense would not apply to Defendants' failure to issue distributions for Chartiers after April 28, 2023 and for Onexx after April 28, 2022.

Pennsylvania applies a two-year statute of limitation for breach of fiduciary duty claims. See, 42 Pa.C.S.A. § 5524(7). The two-year period generally begins to run "as soon as the right to institute and maintain a suit arises." *Wilson v. El–Daief*, 964 A.2d 354, 356 (Pa. 2009). Delaware law applies a three-year statute of limitations to breach of fiduciary duty claims. See, 10 Del. C. § 8106(a).

Here, Plaintiffs instituted this suit on April 28, 2025.  As regards Chartiers, Plaintiffs' alleged conduct in support of their breach of fiduciary duty that pre-dated April 29, 2023 are outside the statute of limitations and are time barred.  And as regards Onexx, Plaintiffs' alleged conduct in support of their breach of fiduciary duty that pre-dated April 28, 2022 are outside the statute of limitations and are time barred.   Accordingly, Defendants' Motion to dismiss, breach of fiduciary claims that pre-date the applicable statutes of limitations for each respective corporation, will be granted.

### E.   Failure to Declare Dividend Claim (Count VI)

Finally, Defendants argue that Count VI of the Amended Complaint, failure to declare dividend, is not a recognized cause of action under either Delaware or Pennsylvania law. Plaintiffs contend that Pennsylvania and Delaware courts have recognized an equitable claim to compel Defendants to declare dividends.  Defendants respond that, even if Plaintiffs have reframed their claim, the Amended Complaint does not sufficiently allege facts to support such a claim.

13

Under Pennsylvania law, "[i]t is an elementary principle of corporation law that the declaration of dividends out of net profits rests in the discretion of the board of directors." *Knapp v. Bankers Sec. Corp.*, 230 F.2d 717, 720 (3d Cir. 1956).  However, there are circumstances under which shareholders may compel the declaration of dividends. *Id*. If directors have acted fraudulently or arbitrarily in refusing to declare a dividend from corporate surplus that can be divided among the shareholders without business detriment, a shareholder may invoke the equitable powers of a court for relief. *Id*.

Similarly in Delaware, "[i]t is settled law in this State that the declaration and payment of a dividend rests in the discretion of the corporation's board of directors in the exercise of its business judgment; that, before the courts will interfere with the judgment of the board of directors in such matter, fraud or gross abuse of discretion must be shown." *Gabelli & Co., Inc. v. Liggett Grp. Inc.*, 479 A.2d 276, 280 (Del. 1984).

Because fraud is a component of a claim to compel dividends, said claim must conform to those pleading standards.  To plead fraud, the Rules of Civil Procedure provide as follows:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

Here, the Amended Complaint avers "fraudulent" actions by Defendants in conclusory terms without sufficient factual particularity to support that Defendants acted fraudulently in not declaring dividends.  However, with regard to arbitrariness or gross abuse of discretion components of this claim, Plaintiffs have averred corporate asset misappropriations, payment of excessive salaries and bonuses, failure to hold annual meetings, and failure to issue annual reports.  (ECF No. 25 at ¶¶ 5, 6, 8, 33, and 34).  Such allegations, at this stage, are sufficient to

14

allege facts to support any arbitrariness or gross abuse of discretion to support Plaintiffs' claim to compel dividends under Pennsylvania or Delaware law.

Accordingly, Defendants' Motion to Dismiss Count VI of the Amended Complaint will be denied.

IV.    Conclusion and Order

For the reasons stated,  Defendants Motion to Dismiss will be granted in part and denied in part.  The Court hereby orders as follows:

A. Defendants' Motion to Dismiss, as regards Counts II, III, IV, V, and VI against Onexx, is granted.   Plaintiffs shall have leave to amend as to those Counts against Onexx.

B. Defendants' Motion to Dismiss, as regards derivative demand requirements, is denied.

C. Defendants' Motion to Dismiss, as regards the business judgment rule, is denied without prejudice.

D. Defendants' Motion to Dismiss, as regard the statute of limitations defense for Count I, is granted. Any breach of fiduciary duty claims, based upon allegations which pre-date April 28, 2023 as to Chartiers and April 28, 2022 as to Onexx, are time barred.

E. Defendants' Motion to Dismiss, as regards Count VI, is denied.

Any Amendment shall be filed on or before August 4, 2026.   Should no amendment be filed, Defendants shall file their Answer on or before August 18, 2026.

DATED this 21st day of July, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

15